{¶ 14} As the majority correctly points out, the State may rely upon confidential informants to establish the existence of probable cause. And it may do so using hearsay in the form of an affidavit by an officer who has spoken with the informant. However, more than a mere conclusory hearsay allegation that a suspect has contraband is necessary in order to find probable cause. An independent judicial officer must make sure the warrant does not issue on the basis of an unsubstantiated rumor or mere personal vendetta. Thus, the affidavit must contain some factual information to *Page 8 
allow the issuing judge to independently assess the informant's credibility and the likelihood that contraband is currently present. See generally, Katz, Ohio Search Seizure (2nd Ed. 2006), Section 2.22.
 {¶ 15} I also acknowledge that Gates supra adopted a totality of the circumstances analysis for determining the existence of probable cause when the application for a warrant is based largely upon the hearsay of a confidential source. However, Gates did not obviate the need to assess the informant's credibility when hearsay forms the major focus of the application. Katz, supra.
 {¶ 16} Here we have two sources of hearsay information purporting to support the application: the hotline and the informant. For all we know, the informant was also the source for the tip on the hotline. Moreover, there is nothing in the affidavit to allow the issuing judge to independently conclude the informant was credible and reliable. All the applicant had to do was provide some factual support for his conclusion that the source (or sources) was reliable. Then the judge could have drawn an independent conclusion as the law requires. Alternatively, the officers could have corroborated some of the information to determine its reliability. Absent either of these acts, the application fails to satisfy Gates. Thus, I dissent. *Page 1